# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDS OF THE EARTH,** ) | |
| **BLUEWATER NETWORK DIVISION,** ) | |
| **et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-2302 (RCL)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **THE INTERIOR, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on Federal defendants' motion [28] for a protective order regarding a notice of deposition requested by plaintiffs. Upon consideration of Federal defendants' motion, the opposition thereto, the replies, the applicable law, and the entire record in this case, the Court will grant Federal defendants' Rule 26(c) motion.

### I.    Background

In December 1999, plaintiffs, joined by 70 other leading environmental organizations, submitted a Petition for Rulemaking to the Director of the National Park Service ("NPS") relating to off-road vehicles ("ORVs"). (Pls.' Opp'n. 4.) The petition requested, among other things, that the NPS adopt a rule prohibiting ORV use in all off-road areas in the National Park System. (Id.)

In subsequent discussions, the NPS advised plaintiffs that it was going to adopt special regulations with respect to certain Parks. Plaintiffs requested that the NPS not continue to permit

1

ORVs in those Parks during the several years that it was likely to take for the NPS to conduct the environmental and other evaluations required and for it then to adopt such special regulations.

(Id. at 5.)  On May 3, 2005, the NPS responded to plaintiffs' Petition stating:

> "We agree that OHV use should be supported by special regulations and it is our intent that parks allowing OHV use begin taking the necessary steps to appropriately authorize the use by promulgating special regulations. However, we do not agree that this OHV use should be halted in parks, while rules are promulgated.
>
> Therefore, after carefully considering your petition, the NPS will take the following action to properly authorize OHV use in the park areas identified in the surveys conducted by the Bluewater network and the NPS. First, we will ask each park area to evaluate existing use to determine whether to allow OHV use to continue on an interim basis. Second, the park area will initiate the necessary steps to develop an OHV Use Management Plan with environmental and economic compliance, and a special regulation to authorize OHV use."

(See Pls.' Opp'n., Ex. A.)

On November 29, 2005, plaintiffs commenced this lawsuit.  Among the actions challenged in the Complaint is the NPS refusal to repeal existing OHV authorizations unless and until required steps are taken to safeguard those Parks from the adverse effects of such use, as mandated by 36 C.F.R. § 4.10 and Executive Order 11644.  (Id. at 5.)  Plaintiffs also seek a review of the National Park Service's regulation of ORV use, which potentially implicates ORV use at as many as 90 units of the National Park System.  (Compl. at ¶ 62.)

In response, the Federal defendants moved under Rule 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction, except as to a claim under the Freedom of Information Act ("FOIA").  Defendants assert that because each Park was asked to "independently decide" whether OHV use would be allowed, the NPS May 3, 2005 letter was not a "final agency action."

(See Federal Defs.' Mot. 14.)  Plaintiffs answered Federal defendant's motion with a notice of

deposition, pursuant to Rule 30(b)(6), asking for a deponent to testify on the following subjects,

among others:

>(1) Which park areas were asked to evaluate existing OHV use, the reasons those parks were asked to do so, and the reasons other parks were not asked to do so.
>
>(2) For each park area that was asked to evaluate existing OHV use ("Evaluating Parks"), the content and status of its response to that request, including its evaluation of OHV impacts, its recommendation as to continued OHV use and its interim OHV management strategy or plan; any action taken on that response by the NPS Washington Office; any further action taken by that Evaluating Park to implement its interim strategy; and, if it recommended not seeking a special regulation, the steps taken to phase out OHV use; and, if a special regulation is to be sought, all steps which have been taken toward that objective.
>
>(3) For each Evaluating Park that has decided to seek a special regulation, the similarities and differences between that Park's interim OHV management plan, on the one hand, and its existing OHV authorizations, on the other hand.

(See Pls.' Opp'n., Ex. D.)

On March 22, 2006, Federal defendants filed the instant Motion to quash plaintiffs'

Notice of Deposition and issue a protective order barring all discovery except that obtained

through order of this Court.

## II.      Legal Standard

Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party or by the

person from whom discovery is sought" and "for good cause shown," a district court "may make

any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense."  To show good cause for entry of a protective order,

"the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements . . . ." Low v. Whitman, 207 F.R.D. 9, 10-11 (D.D.C. 2002).  In addition, "district courts assessing the existence of good cause must exercise their discretion in light of the relevant facts and circumstances of a particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978)).

III.   **Discussion**

A.   **Limitation on Discovery in APA Cases**

Federal defendants contend plaintiffs are not entitled to discovery because they cannot show that one of the exceptions to Rule 26(c) precluding discovery in Administrative Procedure Act ("APA") cases applies.  Plaintiffs argue that jurisdictional discovery is appropriate because defendants rely upon disputed facts to deny the Court's jurisdiction.  (Pls.' Opp'n 8.)  The Court is not persuaded by plaintiffs' argument.

Section 704 of the APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.  Accordingly, only final agency actions may be reviewed under the APA and review of such actions is generally limited to the administrative record compiled by the agency. Florida Light & Power v. Lorian, 470 U.S. 729, 743-44 (1985).

In this Circuit, discovery is normally unavailable in an APA case, "except when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." Commercial Drapery Contractors v. United States, 133 F. 3d 1, 7 (D.C. Cir. 1998).  In this case, plaintiffs have not alleged bad faith.  Furthermore, discovery is not necessary to allow effective judicial review.

Plaintiffs claim that their discovery request regarding actions by the individual park units are needed to contest jurisdictional issues.  This argument is without merit.  Whether any unit of the National Park System has taken a final agency action as a result of the NPS's response to plaintiffs' petition is not the issue at hand.  The sole finality issue raised by Federal defendants' motion to dismiss is whether NPS's response itself is a final agency action.  (Mem. in Support of Motion to Dismiss at 23.)  Moreover, the final decisions of the individual park units on whether, and in what form, ORV use will continue have not yet been made and are not part of this lawsuit.  (See Federal Defs.' Reply 11.)

In citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989), plaintiffs also argue "discovery is appropriate in an APA administrative record case when evidence arising after the agency action is relevant to its correctness."  (Pls.' Opp'n. 10.)  The Court disagrees.

Plaintiffs' discovery request goes to whether NPS's response to plaintiffs' petition is a final agency action, not to the "correctness" of the agency's actions.  The May 3, 2005 letter from NPS responding to plaintiffs' petition had the effect of delegating decisions regarding ORV use to the individual park units.  All the discovery plaintiffs seek is dedicated to exploring actions by individual park units.  Therefore, plaintiffs may not seek to take deposition testimony regarding the individual park units' on-going evaluations of ORV because plaintiffs have failed to bring a claim against the actions of any individual park unit.

Accordingly, plaintiffs' notice of deposition demonstrates that no discovery is necessary to determine whether NPS's response to plaintiffs' petition rises to the level of a final agency action.

**III.    Conclusion**

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' unopposed motion [19] to Amend/Correct Complaint is GRANTED.  It is further

ORDERED that plaintiffs' motion [35] for leave to file a sur-reply is GRANTED.  It is further

ORDERED that defendants' motion [28] for a protective order is GRANTED.  It is further

ORDERED that no depositions shall be taken pursuant to the Notice of Deposition served by Plaintiffs on March 15, 2006.  It is further

ORDERED that all discovery is barred, except as may be provided by further order of this Court.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, May 30, 2006.